**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

ST. PAUL FIRE & MARINE INSURANCE
COMPANY,

                Plaintiff,

    v.

SLEDJESKI & TIERNEY, PLLC,
THOMAS SLEDJESKI, MARY TIERNEY,
and BRIAN ANDREWS,

                Defendants.

Case No.

**08 5184**

BIANCO, J.

ᐧYLE, M.J.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul"), by its undersigned

attorneys, for its Complaint for Declaratory Judgment against Defendants, Sledjeski & Tierney,

PLLC. ("S&T"), Thomas Sledjeski ("Sledjeski"), Mary Tierney ("Tierney"), and Brian Andrews

("Andrews"), state as follows:

### Preliminary Statement

1.    This is a declaratory judgment action brought pursuant to 28 U.S.C. §§2201 and

2202, in which St. Paul seeks a declaration of its contractual obligations to defend and indemnify

S&T, Sledjeski, Tierney and Andrews with respect to a lawsuit filed against them by the Estate

of Jeffrey Nelson (the "Nelson Estate").

2.    Specifically, for the reasons set forth in this Complaint, St. Paul seeks a

declaration that it has no duty to defend or indemnify S&T, Sledjeski, Tierney and Andrews in

connection with a lawsuit filed against them by the Nelson Estate because S&T, and one or more

of the individual defendants, knew or could have reasonably foreseen, prior to the Policy's

inception date, that an error, omission, or negligent act might be expected to be the basis of a "claim" or "suit" brought by the Underlying Plaintiffs.

## Parties

3.      St. Paul is an insurance company incorporated in Minnesota and having its principal place of business in Minnesota.  St. Paul is therefore a citizen of the State of Minnesota.

4.      S&T is a New York professional limited liability corporation incorporated under the laws of the State of New York that, at all relevant times, operated as a law firm with its principal place of business in Riverhead, New York.  S&T is therefore a citizen of the State of New York.

5.      Sledjeski is an individual who, at all relevant times, was a resident of the State of New York, and is therefore a citizen of the State of New York.

6.      Tierney is an individual who, at all relevant times, was a resident of the State of New York, and is therefore a citizen of the State of New York.

7.      Andrews is an individual who, at all relevant times, was a resident of the State of New York, and is therefore a citizen of the State of New York.

## Jurisdiction and Venue

8.      Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because S&T's principal place of business is in this district, a substantial part of the events giving rise to this action occurred in this district, and the St. Paul insurance policy at issue was delivered to S&T in this district.

## The St. Paul Insurance Policy

10.     St. Paul issued a Lawyers Professional Liability Protection Policy to S&T under

Policy No. 507JB0207, effective December 20, 2006 until December 20, 2007 (the "Policy").

11.     The insuring agreement section of the Policy provides professional liability

protection as follows:

> We will pay on behalf of an insured "damages" and "claims expenses" for which "claim" is first made against an insured and reported to us within the "policy period", any subsequent renewal of the policy by us or applicable Extended Reporting Period. Such "damages" must arise out of an error, omission, negligent act or "personal injury", in the rendering of or failure to render "legal services" for others by you or on your behalf. The error, omission, negligent act or "personal injury" must occur on or after the retroactive date stated in the Declarations, if any.

12.     The Policy provides as follows with respect to the duty to defend claims or suits:

> We will have the right and duty to defend any "claim" or "suit" against an insured seeking "damages" to which this insurance applies, even if any of the allegations of the "claim" or "suit" are groundless, false or fraudulent.  We may also make such investigation and, with your written consent, such settlement of any "claim" or "suit" we deem appropriate.

13.     The Policy does not apply to "claims":

> G.     Arising out of any error, omission, negligent act or "personal injury" occurring prior to the inception date of this policy if any insured prior to the inception date knew or could have reasonably foreseen that such error, omission, negligent act or "personal injury" might be expected to be the basis of a "claim" or "suit".

14.     The Policy defines a "claim" as follows:

"Claim" means a demand received by an insured for money alleging an error, omission or negligent act in the rendering of or failure to render "professional legal services" for others by you or on your behalf.

15.     The Policy defines a "Suit" as follows:

"Suit" means a civil proceeding in which "damages" to which this insurance applied are alleged.  "Suit" includes:

- An arbitration proceeding in which such "damages" are claimed and to which an insured must submit or does submit with our consent; or

- Any other alternative dispute resolution proceeding in which "damages" are claimed and to which an insured submits with our consent.

### The 2005 Suit

16.     In August 2003, Sledjeski and Tierney were members of the Law Firm of Michael T. Clifford & Associates, PLLC (the "Clifford Firm"), and Andrews was employed by the Clifford Firm as an associate.  At that time, Candice Nelson ("Candice") retained the Clifford Firm, and one or more of these attorneys, to represent her and the Nelson Estate for recovery of damages resulting from Jeffrey Scott Nelson's death in a July 26, 2003 motor vehicle accident (the "Accident").

17.     On information and belief, the Clifford Firm dissolved subsequent to its retention by Candice, and S&T was formed.

18.     On information and belief, S&T assumed the representation of Candice upon the dissolution of the Clifford Firm.

19.     Under New York law, the time in which an action must be filed against certain parties for recovery of damages for the wrongful death of Jeffrey Nelson was two years from the

date of Jeffrey Nelson's death.  The limitations period for filing such an action therefore terminated on July 26, 2005.

20.     On July 26, 2005, S&T filed a Summons and Complaint in the Supreme Court of New York, Suffolk County, captioned *Candice Nelson as proposed Administratrix for the Estate of Jeffrey Nelson, and Candice Nelson, individually, v. Bonnie A. Rubin and Maier A. Rubin* (the "2005 Suit").

21.     On information and belief, the 2005 Suit was effectively terminated in or about 2005.

## The Malpractice Suit

22.     On March 28, 2008, the Nelson Estate commenced a legal malpractice suit, captioned *The Estate of Jeffrey Scott Nelson, et al. v. Brian A. Andrews, et al.* (the "Malpractice Suit"), against S&T, Sledjeski, Tierney and Andrews by the filing of a Summons with Notice with the Suffolk County Supreme Court under Index number 08-12187.  On August 15, 2008, a Verified Complaint was served in the Malpractice Suit.

23.     In the Malpractice Suit, Candice alleges that, when S&T filed the 2005 Suit, it filed a defective Summons and an Unverified Complaint that was grossly defective and never served.

24.     In the Malpractice Suit, Candice alleges that S&T, Sledjeski, Tierney and Andrews committed legal malpractice in their representation of the Nelson Estate in failing to timely investigate and commence the appropriate legal action for damages against Bonnie Rubin, Maier Rubin and other potentially liable parties.

25.     S&T, Sledjeski, Tierney and Andrews have requested that St. Paul provide them with a defense and coverage for the Malpractice Suit.

26.     St. Paul has provided S&T, Sledjeski, Tierney and Andrews, a defense in the

Malpractice Suit pursuant to a full reservation of St. Paul's rights to (a) deny coverage; (b) seek a

judicial determination of the parties' rights and obligations, and (c) seek reimbursement of all

defense expenses paid in defense of the Malpractice Suit.

### No Duty to Defend or Indemnify

27.     St. Paul has no obligation to defend or indemnify S&T, Sledjeski, Tierney or

Andrews, or pay any amount on their behalf, in connection with the Malpractice Suit because,

prior to the Policy's effective date, S&T and one or more of the individual defendants knew or

could have reasonably foreseen, that the error, omission, or negligent act alleged in the

Malpractice Suit might be expected to be the basis of a "claim" or "suit".

28.     There exists an actual and justiciable controversy between St. Paul, S&T,

Sledjeski, Tierney and Andrews, with respect to St. Paul's obligations under the Policy.

WHEREFORE, Plaintiff St. Paul Fire and Marine Insurance Company respectfully

requests that this Court adjudicate and declare the rights of the parties, and that the Court:

      a.      Find and declare that the Policy does not provide coverage for the Malpractice Suit;

      b.      Find and declare that pursuant to the terms and conditions of the Policy, St. Paul has no obligation to defend S&T, Sledjeski, Tierney and Andrews, in connection with the Malpractice Suit;

      c.      Find and declare that pursuant to the terms and conditions of the Policy, St. Paul has no obligation to indemnify S&T, Sledjeski, Tierney and Andrews, in connection with the Malpractice Suit;

      d.      Find and declare that St. Paul is entitled to reimbursement of all defense expenses, including attorneys fees, that St. Paul has paid, or will pay, in defense of S&T, Sledjeski, Tierney and Andrews in the Malpractice Suit; and

      e.      Grant other such relief as the Court may deem just and proper.

Dated: December 19, 2008

ST. PAUL FIRE & MARINE INSURANCE
COMPANY

By: _____

Of Counsel:
A. Michael Furman
Andrew S. Kowlowitz
Furman Kornfeld & Brennan LLP
545 Fifth Avenue, Suite 401
New York, New York 10017
212-867-4100
File no. 302.026

Christopher J. Bannon
Aronberg Goldgehn Davis & Garmisa
330 North Wabash Avenue, Suite 1700
Chicago, Illinois 60611
312-828-9600
30375

505487.v1